# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-CV-250 (JFB)

WILLIAM DUFF,

Petitioner,

VERSUS

ERIC HOLDER ET AL.,

Respondents.

**MEMORANDUM AND ORDER**
October 20, 2014

JOSEPH F. BIANCO, District Judge:

Petitioner William Duff ("Duff" or "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 6, 2004 conviction in the Supreme Court of New York, County of Suffolk, under Indictment No. 436-03, on charges of one count of sexual abuse in the first degree, N.Y. Penal Law § 130.65, and one count of assault in the second degree, *id.* § 120.05. Petitioner was acquitted of one count of attempted murder in the second degree, *id.* §§ 110, 125.25, one count of rape in the first degree, *id.* § 130.35, and one count of criminal mischief in the third degree, *id.* § 145.04. He was sentenced, as a second felony offender, to concurrent seven-year determinate terms of incarceration, to be followed by five years of post-release supervision. He also was certified as a sex offender, and an order of protection was issued on the victim's behalf.

In the instant petition, Duff contends that he is entitled to habeas relief because, among other things, the state court had no subject matter and/or personal jurisdiction over him. Respondents United States of America; United States Attorney General Eric Holder; the Chairwoman of the New York State Department of Corrections and Community Supervision ("NYSDCCS"); Vincent DeMarco ("DeMarco"), the Sherriff of the Suffolk County Correctional Facility ("SCCF"); and Charles Ewald ("Ewald"), the Warden of SCCF (collectively, the "County Respondents") and Tina Stanford ("Stanford")[1] (all together, "respondents") oppose the petition as untimely and otherwise without merit. For the reasons set forth below, the Court dismisses the petition as time-barred. Specifically, the petition was filed more than one year following the date the conviction under attack became final, and there is no basis for equitable tolling. Moreover, petitioner's claims are plainly

---

[1] Petitioner referred to respondent as "Standford," but respondent clarified that her last name is Stanford.

without merit. Accordingly, the Court denies the petition in its entirety.[2]

I. BACKGROUND

A. Facts

The following facts were adduced from the petition and documents attached thereto, and the state court trial and appellate record.

On February 19, 2003, a grand jury indicted Duff on one count of sexual abuse in the first degree, one count of assault in the second degree, one count of attempted murder in the second degree, one count of rape in the first degree, and one count of criminal mischief in the third degree, stemming from a sexual assault on December 30, 2002. (Indictment, Resp. Ex. A.)[3] A jury convicted petitioner on January 6, 2004, of sexual abuse in the first degree and assault in the second degree, and Duff promptly filed a notice of appeal. On February 11, 2004, the trial court re-sentenced petitioner to concurrent seven-year determinate terms of incarceration, with five-year periods of post-release supervision, certified him as a sex offender, and issued an order of protection on the victim's behalf. (Kucera Aff. ¶ 6.)

On May 16, 2004, petitioner filed a brief appealing his conviction with the Appellate Division of the Supreme Court of the State of New York, Second Department. Petitioner argued that (1) the trial court committed several prejudicial evidentiary errors; (2) the People had failed to establish petitioner's guilt beyond a reasonable doubt, and the verdict was against the weight of the evidence; (3) petitioner was denied a fair trial due to prosecutorial misconduct during the summation; and (4) petitioner's sentence was harsh and excessive. (Direct Appeal Brief, Resp. Ex. B.) On November 25, 2005, petitioner filed a *pro se* supplemental brief, raising several additional issues. (Direct Appeal Suppl. Brief, Resp. Ex. D.) The Appellate Division affirmed the conviction on May 16, 2006. *People v. Duff*, 813 N.Y.S.2d 910 (N.Y. App. Div. 2006). On July 18, 2006, the New York Court of Appeals denied Duff's application for leave to appeal. *People v. Duff*, 7 N.Y.3d 788 (2006). On November 7, 2006, the Court of Appeals denied petitioner's application for reconsideration. *People v. Duff*, 7 N.Y.3d 901 (2006). Duff did not file a petition for a writ of certiorari to the United States Supreme Court.

On January 5, 2004, before his direct appeal was perfected, petitioner filed a *pro se* motion with the trial court seeking an order vacating his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Petitioner argued that (1) the prosecution had engaged in misconduct by eliciting inflammatory evidence at trial and by withholding the results of scientific testing conducted on evidence; (2) the trial court erroneously determined that Duff's statements to officers were admissible; and

---

[2] Stanford has moved to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6), based on qualified and Eleventh Amendment immunity, and for failure to state a claim. The issues she raises relate to causes of action pursuant to 42 U.S.C. § 1983, but the instant matter is a petition for a writ of habeas corpus. Thus, the issues Stanford raises mostly are irrelevant. In any event, to the extent petitioner is challenging any conviction and sentence based on Stanford's conduct, those challenges are dismissed for the same reasons discussed *infra*. Furthermore, although petitioner does not clearly seek habeas relief with respect to events occurring after his initial release from prison on February 5, 2010 (*e.g.*, as a result of violations of the terms of his post-release supervision), any such challenges must be raised in a separate habeas petition after state court remedies are exhausted, or, if appropriate, through an action pursuant to 42 U.S.C. § 1983.

[3] "Resp. Ex." refers to the exhibits attached to the Affirmation of Marcia Kucera from the Suffolk County District Attorney's Office.

2

(3) Duff had been deprived of his right to a fair trial because the trial court refused to remove a juror who was biased against him. (First 440.10 Motion, Resp. Ex. F.) On February 4, 2004, the trial court denied the motion. (February 4, 2004 Decision, Resp. Ex. H.)

On August 9, 2009, petitioner filed a second motion pursuant to CPL § 440.10, presenting twenty-three claims in support of the vacatur of his conviction, including the deprivation of his right to testify before the grand jury, the grand jury's consideration of illegal evidence, and ineffective assistance of counsel. (Second 440.10 Motion, Resp. Ex. I.) On November 30, 2009, the state court denied the motion. (November 30, 2009 Decision, Resp. Ex. K.) On September 14, 2011, the Appellate Division denied petitioner's application for leave to appeal that denial. *People v. Duff*, 2011 N.Y. Slip Op. 83060(U) (N.Y. App. Div. 2011).

On January 21, 2010, the County Court conducted a risk level assessment hearing pursuant to New York Correction Law § 168-n. The court designated petitioner a Level Three Sexually Violent Offender. (Kucera Aff. ¶ 18.) On June 27, 2012, the Appellate Division affirmed this determination, rejecting petitioner's argument that the People had failed to prove that he had taken advantage of the victim while she was physically helpless. *People v. Duff*, 946 N.Y.S.2d 891 (N.Y. App. Div. 2012). On September 6, 2012, the New York Court of Appeals denied petitioner's application for leave to appeal that decision. *People v. Duff*, 19 N.Y.3d 810 (2012).

B. The Instant Petition

Petitioner filed the instant petition for a writ of habeas corpus on January 8, 2014. On January 29, 2014, Stanford moved to dismiss for failure to state a claim. Petitioner opposed on March 19, 2014. On April 9, 2014, the Court ordered the Attorney General of the State of New York or the District Attorney of Suffolk County to respond to the petition. Respondents filed their opposition on September 15, 2014. Petitioner never replied.[4]

---

[4] According to the docket, on September 16, 2014, the Clerk's Office returned a motion for default judgment that petitioner attempted to file in this matter, informing petitioner that a motion for default judgment cannot be filed unless and until the Clerk of the Court has issued a Certificate of Default. (September 16, 2014 Letter, Docket No. 26.) On September 24, 2014, the Clerk's Office returned an "addendum" to the motion. (September 24, 2014 Letter, Docket No. 27.) In that addendum (attached to Docket No. 27), Duff complained that the County Respondents had requested several extensions of time in order to delay this Court's decision on the petition. Petitioner stated the failure to respond "can only be classified as a [sic] on-going cover-up 'which the indictment was produced and secured by fraud, perjury or the suppression of evidence or other police or prosecutorial misconduct taken in bad faith."

As a threshold matter, the County Respondents' requests for an extension of time do not entitle petitioner to entry of a default or a default judgment. "'It is established law in the Second Circuit that the Government's failure to file a timely response does not entitle a habeas petitioner to a default.'" *Cohen v. United States*, No. 07-CV-7397 (GBD), 2013 WL 5882923, at *8 (S.D.N.Y. Oct. 29, 2013) (quoting *Santos v. Pavant*, No. 04-CV-8705, 2005 WL 1431688, at *1 (S.D.N.Y. June 17, 2005)); *see Bermudez v. Reid*, 733 F.2d 18, 21–22 (2d Cir. 1984). As the Second Circuit has noted, "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." *Bermudez*, 733 F.2d at 21. "As such, the entry of a default judgment in a habeas petition is not warranted unless the petitioner can establish 'a claim or right to relief by evidence satisfactory to the court.'" *Cohen*, 2013 WL 5882923, at *9 (quoting Fed. R. Civ. P. 55(e)). For the reasons set forth *infra*, petitioner has not made such a showing with respect to the underlying petition here. Further, the County Respondents filed their response on September 15, 2014, within the

3

## II. DISCUSSION

Respondents argue that the petition should be denied because petitioner failed to file it within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that the petition is untimely and that there is no basis for equitable tolling of the statute of limitations.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state-court petition for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220–21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

Only subsection (A) could be applicable to this habeas petition, and, as set forth below, the petition is untimely under Section 2244(d)(1)(A).[5]

Pursuant to Section 2244(d)(1)(A), the statute of limitations began to run on the date Duff's conviction became final. The trial court entered judgment against petitioner on January 6, 2004, and re-sentenced him on February 11, 2004.[6] As set forth *supra*, the Appellate Division affirmed

---

time frame set by the Court's August 12, 2014 Order. The Court discerns nothing in the record to indicate that the County Respondents sought three extensions of time in bad faith, instead of a good faith need to fully investigate petitioner's claims.

[5] Section 2244(d)(1)(D) cannot apply, because the asserted grounds for habeas relief are Duff's race and the sufficiency of the grand jury indictment.

[6] The reasons for the re-sentencing are unclear, but they are irrelevant to the Court's analysis.

4

the conviction on May 16, 2006; the New York Court of Appeals denied Duff's application for leave to appeal on July 18, 2006; and it denied petitioner's application for reconsideration on November 7, 2006. Thus, the conviction became final on February 5, 2007, when the ninety-day period to seek a writ of certiorari from the United States Supreme Court expired. *See, e.g.*, *Vega v. Bellnier*, No. 10-CV-4202 (KAM), 2010 WL 4484377, at *1 (E.D.N.Y. Nov. 1, 2010) (finding petitioner's conviction became final, commencing the one-year federal habeas limitations period, ninety days after the New York Court of Appeals denied, upon reconsideration, petitioner's request for leave to appeal); *see also Saunders v. Senkowski*, 587 F.3d 543, 547–48 (2d Cir. 2009) (stating that a petitioner's limitations period begins running upon the expiration of the ninety-day period for seeking a writ of certiorari); *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001) (same). Accordingly, in order to be timely, petitioner should have filed this habeas petition in federal court either on or before February 5, 2008. Instead, he filed the petition on January 8, 2014, years after the statute of limitations expired. Therefore, unless petitioner can show that the statute of limitations should be tolled, the petition is untimely under 28 U.S.C. § 2244(d).

B. Tolling of the Statute of Limitations

1. Statutory Tolling

In calculating the one-year limitations period under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Here, as respondents note, the statute of limitations had expired by August 2009, when petitioner filed his second CPL § 440.10 motion. Moreover, that 2009 challenge did not reset the start of the limitations period, because a post-conviction proceeding does not start the one-year period running anew. *Smith*, 208 F.3d at 16–17; *see also Bell v. Herbert*, 476 F. Supp. 2d 235, 244 (W.D.N.Y. 2007) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period; nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew."). Section 2244(d)(2) only excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation.

2. Equitable Tolling

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17 (citation and internal quotation marks omitted); *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). To obtain the benefit of equitable tolling, a petitioner must show: (1) "extraordinary circumstances prevented him from filing his petition on time"; and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to show affirmatively that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate any extraordinary circumstances that prevented him from properly filing his habeas corpus petition in a timely fashion. For instance, the primary challenges to his conviction—that he is Black and therefore not subject to the courts' subject matter or personal jurisdiction, and that his indictment was unsigned—are based on facts known or

otherwise discernible even before the conviction, and he never raised them on direct appeal. Moreover, petitioner has not provided any evidence that he acted with "reasonable diligence" during the several years delay between the expiration of the statute of limitations and his subsequent post-conviction motions, or that any "extraordinary circumstances" prevented him from filing this petition or his state court petitions in a timely manner. *Cf. Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir. 2000) (intentional confiscation of prisoner's habeas petition by corrections officer was extraordinary circumstances).

In short, petitioner has not presented any grounds that warrant equitable tolling. He also has not made a claim of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was error to dismiss petition claiming actual innocence, on statute of limitations grounds, without further analysis). Even if Duff had made a claim of actual innocence, nothing in the petition suggests that an innocence claim would have any merit. Accordingly, the petition is dismissed as time-barred.

### C. Merits and Post-Release Issues

Although the petition is time-barred, the Court, in an abundance of caution, shall briefly address the merits of petitioner's arguments.[7] Petitioner argues that a writ should issue because: (1) as a Black man, he is not a United States citizen and thus not subject to the laws of the United States; (2) the United States lacked the authority to prosecute petitioner, because it is not a government but a corporate entity and all of its transactions are governed by the Uniform Commercial Code; (3) the Eleventh Amendment conferred immunity from prosecution upon petitioner, because all public officials are foreign citizens; (4) no state has a right to sue petitioner, because all prosecutors and other judiciary personnel are part of the judiciary and thus represent only the courts and not a state or its populace; (5) the only criminal prosecution authorized by law is one conducted against an enemy alien resident, which does not apply to petitioner; (6) the indictment was defective because the individual who signed it lacked standing to do so, and any attorney who signed it lacked first-hand knowledge of the evidence establishing probable cause.

Petitioner's frivolous claims are predicated on misinterpretations of decisional law and statutory provisions predating his conviction. First, petitioner was prosecuted by the Suffolk County District Attorney's Office, not the federal government. Thus, to the extent petitioner's claims focus on the federal government's authority to prosecute him in federal court, those claims fail to state a legal basis upon which habeas relief can be granted. Second, *Dred Scott v. Sandford*, 60 U.S. 393 (1856), was superseded by the Fourteenth Amendment, which provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State in which they reside." In addition, New York law applies to all persons found within the state's borders. *See Bey v. Bailey*, No. 09 Civ. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. 2010) (finding that petitioner's claim that he could ignore laws of New York by claiming membership in "Moorish-American" nation were meritless and could not be basis for habeas relief, because that status did not enable him

---

[7] Petitioner did not present these claims on direct or collateral appeal in state court. However, because the unexhausted claims are plainly meritless, the Court denies them on the merits, notwithstanding the failure to exhaust and lack of good cause for that failure. *See Bonner v. Lee*, No. 11-CV-6171 (ENV), 2014 WL 3810115, at *2 (E.D.N.Y. Aug. 1, 2014).

to violate state and federal laws without consequence). Third, venue was proper in Suffolk County, because the grand jury found that the offenses underlying the indictment were conducted in Suffolk County in violation of state law. Finally, petitioner's challenge to the face of the indictment is unavailing because, as required by CPL §§ 220.50(8) and (9), the foreman of the grand jury that indicted petitioner and the district attorney signed the indictment. In any event, a challenge to the sufficiency of a state indictment is not cognizable on habeas review unless the indictment falls below constitutional standards. *See Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002) ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court." (citing *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989))); *Norwood v. Hanslmaier*, No. 93 Civ. 3748(NG), 1997 WL 67669, at *3 (E.D.N.Y. Feb. 11, 1997) (finding that denial of defendant's right to testify in grand jury and lack of foreperson's signature on indictment did not raise federal constitutional claims). An indictment satisfies constitutional standards if "'it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.'" *De Vonish v. Keane*, 19 F.3d 107, 108 (2d Cir. 1994) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). Petitioner does not claim he had no notice of the charges he had to meet or that he faced the possibility of double jeopardy based on the vagueness of the accusatory instrument. Accordingly, the Court denies the petition on the independent ground that the asserted claims are meritless.[8]

---

[8] In the "Case History" section of the petition, petitioner details a series of alleged issues involving his post-release supervision, which began after his initial release from prison on February 5, 2010. (*See* Petition ¶¶ 38–52.) The County Respondents have not detailed or addressed these issues, and Stanford proceeds as if any such claims are brought pursuant to 42 U.S.C. § 1983. In any event, Duff's argument that the actions of the state and local authorities are unlawful because they lacked jurisdiction over him fails for the reasons stated *supra*. It also does not appear that petitioner has exhausted his state court remedies with respect to these post-release supervision issues. Thus, to the extent petitioner wishes to assert such claims on other grounds, he must do so in a separate petition (after exhausting his state court remedies) or, if appropriate, through an action pursuant to 42 U.S.C. § 1983.

III. CONCLUSION

For the foregoing reasons, the Court concludes that the petition is time-barred, and that petitioner has demonstrated no basis for habeas relief under 28 U.S.C. § 2254. Therefore, the Court denies the petition for a writ of habeas corpus. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

---

JOSEPH F. BIANCO
United States District Judge

Dated: October 20, 2014
Central Islip, NY

\*   \*   \*

Petitioner proceeds *pro se*. The County Respondents are represented by Thomas Spota, District Attorney of the Suffolk County, by Anna Oh and Macia Kucera,

Assistant District Attorneys, Criminal Courts Building, 200 Center Drive, Riverhead, NY 11901. Sanford is represented by Eric Schneiderman, Attorney General of the State of New York, by Lori Pack, 300 Motor Parkway Suite 230, Hauppauge, NY 11788.